GAUDIN, Judge.
This is an appeal by Insurance Company of North America and William D. Brown from a 24th Judicial District Court judgment which awarded workmen’s compensation benefits to appellee Larry L. Patterson. We affirm,[1] being of the opinion that the record supports, sufficiently if not strongly, the credibility calls made by the trial judge.
Appellants correctly point out the inconsistencies in Patterson’s testimony and in the testimony of other plaintiff witnesses; however, these inconsistencies cannot offset factual findings in Patterson’s favor. The trial judge obviously found that Patterson was injured within the course and scope of his employment as a painter and that he was entitled to benefits.
Patterson said that on December 8, 1986, at approximately 3:30 p.m., he was handling a ladder with a co-worker, Craig Davis. He testified as follows:
“Me and Craig Davis was putting the ladder in place. I had the bottom of the ladder; Craig had the top. We placed the ladder in place. And once the ladder was leaning against the building, I looked up, I said, “Oh, God, look out.” When I said, “Look out”, Craig was already on the wire. And even the ladder was being electrocuted. Carl Davis ran up and went to grab him. And when he did jump in, he put both arms around him and the ladder. And when he did that, it threw him up side this lady’s car that was parked in the driveway. Craig fell down and he hit me. And I fell down.
“When I seen that happened, I got up and I grabbed Craig. Craig was on fire. I started patting him out, his tennis shoes was on fire. His pants leg was on fire. He was losing blood from the back *436 of his head. Carl Davis was standing there looking at me in a daze. And he fell out and Craig’s eyes went to rolling to the back of his head.”
In Patterson’s brief, his counsel admits that appellant “... is weak in verbalizing details, is weak at expressing himself ... and sounds very much like the 10th grade drop-out that he is.” Appellees argue that the inconsistencies in Patterson’s testimony “... demonstrate a lack of honesty and therefore a lack of credibility.”
The trial judge, however, believed Patterson. Whether a claimant sustained a work related injury is a question of fact, and a credibility determination is not disturbed on appeal if the evidence furnishes a reasonable basis for the finding. See Crump v. Hartford Accident and Indemnity Company, 367 So.2d 300 (La.1979), and many other cases with similar holdings.
Patterson further testified about his injuries. The trial judge found the symptoms lingering and ordered the defendants-appellants “... to continue such (compensation) payments until plaintiff’s disability ceases ..."
Appellants were also ordered to pay statutory penalties (12 per cent) and attorney fees. Patterson’s brief, on page 14, lists seven reasons why penalties and attorney fees were due. All of these reasons are at least partially (if not wholly) valid.
Finally, we make this amendment to the district court judgment. Patterson, when injured, was being paid $7.00 an hour. ■ Inasmuch as he had worked less than a month, his weekly compensation rate should have been computed on a 40-hour work week, thusly:
$7.00 x 40 = $280.00 X ⅜ = $186.76.
For these reasons, we affirm the judgment of the district court dated June 30, 1988 in every respect except for the weekly compensation rate, which is hereby set at $186.76 instead of $248.00.
We remand for whatever further proceedings are appropriate, with INA and William D. Brown to bear costs of this appeal.
AMENDED, AFFIRMED AND REMANDED.

. With one slight amendment, discussed later in the opinion.